ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
TIMOTHY J. SEARIGHT (SBN 151387)
Assistant United States Attorney
OCDETF Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3749
Facsimile: (213) 894-0142
E-mail: Timothy.Searights@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE LUCIO-VEGA, and, CHRISTYEN AMBRIZ-VALENZUELA,<br><br>Defendants. | No. CR 11-1236-DSF<br><br>FINDINGS OF FACT RE: EXCLUDABLE TIME<br><br>Hrg: [None Scheduled] |

THE COURT MAKES THE FOLLOWING FINDINGS OF FACT:

1. Defendants were each arraigned on the indictment in the above-captioned case on January 3, 2012. Jury trial was scheduled for February 21, 2012. On January 9, 2012, a status conference was conducted. At the status conference, the government represented that a substantial portion of the government’s case was derived from wiretap evidence, and that it had applied for an order to release the wiretap materials with the issuing judge. The parties each requested that the trial

date of February 21, 2012 be vacated and that a status conference of March 19, 2012 be scheduled and that no trial date be scheduled. This Court inquired if that was the request of each defendant, and the defendants confirmed that it was.

2. Each of the parties have stipulated that defendants have only recently obtained the discovery materials in the case, which the government has indicated were provided on two compact disks.

3. The parties have represented, agreed and stipulated that discovery in this case is voluminous. The parties have indicated that the discovery materials consist of several thousand pages of reports, electronic surveillance applications and orders, wiretap recordings and call summaries and photographic evidence.

4. Each of the defendants have indicated that they require further time to review the discovery in this case. Therefore, and pursuant to the stipulation of the parties, the Court finds that the period of time from January 3, 2012 through March 19, 2012 is a period of excludable delay because it is a period of delay requested by defendants and counsel for the government "on the basis. . . that the ends of justice served by taking such action outweigh the best interest of the defendant[s] and the public in a speedy trial" within the meaning of 18 U.S.C. § 3161(h)(8)(A). Specifically, the court finds, pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii), that the case is sufficiently complex due to the number of defendants, the discovery materials provided, and the nature of the prosecution "that it is unreasonable to expect adequate preparation for pretrial

proceedings or for the trial itself within the time limits" established by the Speedy Trial Act. The Court also notes that defendants have indicated that they may pursue various pre-trial motions, including suppression motions and, therefore, the time period is excludable pursuant to 18 U.S.C. § 3161(h)(1)(D). The court further finds, pursuant to 18 U.S.C. § 3161(h)(8)(B)(i), that a failure to grant such a continuance, as requested by each counsel, would result in a miscarriage of justice in as much as counsel for each defendant has indicated that they are insufficiently prepared for trial.

THE COURT SO FINDS.

DATED: February 13, 2012

Dale S. Fischer

HONORABLE DALE S. FISCHER
United States District Judge